**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  19-cr-00529-REB

UNITED STATES OF AMERICA,

　　　Plaintiff,

v.

1. ANDREA WATENPAUGH,

　　　Defendant.

_____

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON THE ENTRY OF A PLEA OF GUILTY**

_____

**Blackburn, J.**

　　　On August 20, 2020, I conducted a change of plea hearing at which the defendant and counsel appeared and participated via VTC and during which (1) the defendant, her counsel, counsel for the government, and I formally reviewed and considered the plea agreement of the parties as stated in Court's Exhibits 1, 2, and 3 ("plea agreement"); (2) I rearraigned the defendant under Fed. R. Crim. P. 10; and (3) I formally advised the defendant and conducted providency proceedings under Fed. R. Crim. P. 11.

　　　Based upon my exchange and colloquy with the defendant under oath in open court on the record; based upon the representations, remarks, and statements of counsel for the government and counsel for the defendant; based upon my review of the file and my review of the written plea agreement as stated in Court's Exhibits 1, 2, and 3, I enter the following findings of fact and conclusions of law:

That the defendant appeared to be alert and not under the influence of or impaired by drugs, narcotics, marihuana, alcohol, medication, or intoxicants;

That the defendant is in danger of having her case go unresolved for several months, with the concomitant and unnecessary adverse effects on her personal and professional life; thus, the plea in this case cannot be delayed further without serious harm to the interests of justice, *see* CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT, PL 116-136, March 27, 2020, 134 Stat 28, Section 15002(b)(2);

That after advisement by the court, the defendant voluntarily, knowingly, intelligently, and intentionally waived her right to have this change of plea hearing held in a traditional courtroom where the defendant, defense counsel, and the court are all physically present together in the same place and, instead, consented to appear and participate in this sentencing hearing remotely via VTC where the defendant, defense counsel, and the court are each in a different location;

That conducting the change of plea hearing remotely via VTC is reasonably necessary to preserve the health, safety, and welfare of the defendant, counsel, court personnel, security personnel, and the court and is in the best interest of all parties in interest and in the interest of justice;

That the defendant was competent and fully understood the nature, circumstances, and essential elements of the offense to which her plea of guilty was entered (Count 1 as an aider and abettor);

That the defendant understands clearly that the government has the right in a prosecution for perjury or false statement to use against the defendant any statement that the defendant gives under oath;

2

That the defendant understands the direct and collateral consequences that she may suffer or experience as a result of her participation in the plea agreement, her plea of guilty, and the resultant felony conviction and sentence;

That the defendant's plea of guilty and admission of the forfeiture allegation were entered voluntarily, knowingly, intelligently and intentionally, and were not the result of mistake; misunderstanding, fear, force, threats, coercion, or undue influence by anyone;

That the defendant's plea of guilty and admission of the forfeiture allegation were not the result of any promise or inducement made by anyone, including legal counsel;

That the defendant understood each of her legal rights, including the rights enumerated at Fed. R. Crim. P. 11(b)(1)(B) and (E), and her right to a trial by jury and her right to be represented throughout this criminal case by an attorney even if indigent; and that the defendant freely, voluntarily, knowingly, intelligently, and intentionally waived her rights and privileges, including the right to trial by jury, and, except as limited expressly by the plea agreement, her right to appeal or to collaterally attack the prosecution, conviction, and/or sentence; however, the defendant did not waive her right to be represented throughout this criminal case by an attorney even if indigent;

That the defendant understood the maximum possible penalties, including imprisonment, fine, and term of supervised release;

That the defendant understood that in imposing sentence, I must consult and consider the purposes and goals of sentencing as prescribed by Congress, the relevant provisions of the advisory United States Sentencing Guidelines, any motion for a sentence departure or variance, and the provisions of 18 U.S.C. § 3553 (a)(1)-(7); and the defendant clearly understood that regardless of the sentence I impose, he may not

3

withdraw her plea of guilty on that basis;

That the defendant understood that the court will not be bound by any representations by anyone concerning the penalty to be imposed;

That having compared the conduct admitted or conceded by the defendant with the elements of the charged offense, a factual basis exists to support and sustain the plea agreement and the defendant's plea of guilty;

That the defendant has been represented at the change of plea hearing and throughout this case by effective and competent counsel with whom the defendant has no objection, criticism, or complaint whatsoever;

That the defendant had sufficient time to read, review, discuss, and consider her plea agreement and to discuss it carefully and thoroughly with her attorney;

That the defendant read, understood, and accepted each and every term and provision within his plea agreement, which she reviewed carefully and thoroughly with her attorney;

That the plea agreement conformed in form and substance to the requirements of law, including The Local Rules of Practice of the United States District Court for the District of Colorado - Criminal; and

That on the record considered as a whole, I conclude that I may properly accept the defendant's plea of guilty and admission of the forfeiture allegation,  which were entered in the context of her plea agreement, and defer formal approval of the plea agreement as stated in Court's Exhibits 1, 2, and 3, pending opportunity to consider the presentence report.

Dated August 20, 2020, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge